IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(GREENBELT DIVISION)

| | |
|---|---|
| PFA-D SILVER SPRING, LC<br><br>    Plaintiff,<br><br>v.<br><br>PERKINS INTERNATIONAL RESTAURANT HOLDINGS, LLC, *et al.*,<br><br>    Defendants. | Civil Action No. 25-cv-03457-PX |

**DEFENDANTS' ANSWER AND DEFENSES**

Defendants Perkins International Restaurant Holdings, LLC and Perkins International Holdings, Inc., ("Defendants"), by and through their counsel, as and for their Answer and Defenses to Plaintiff PFA-D Silver Spring, LC ("Plaintiff") Complaint states as follows:

**FACTS COMMON TO ALL COUNTS**

1.  Denied. The instant matter has been removed from the Circuit Court for Montgomery County, Maryland to the United States District Court for the District of Maryland based on diversity jurisdiction pursuant to 28 U.S.C. § 1332 and § 1441.

2.  Denied. The instant matter has been removed from the Circuit Court for Montgomery County, Maryland to the United States District Court for the District of Maryland based on diversity jurisdiction pursuant to 28 U.S.C. § 1332 and § 1441.

3.  Responding to paragraph 3 of the Complaint, Defendants admit that Plaintiff is a Maryland limited liability company. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3 of the Complaint and therefore deny the allegations.

4. Admitted.

5. Admitted.

6. Responding to paragraph 6 of the Complaint, Defendants admit that a certain commercial Deed of Lease is dated August 21, 2024, and the First Amendment to Deed of Lease dated September 18, 2024 (collectively, the "Lease") are documents that speak for themselves. Defendants admit the Premises was leased with the purpose to build-out the location. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 6 of the Complaint.

7. Responding to paragraph 7 of the Complaint, Defendants admit that a certain Guaranty of Lease (the "Guaranty") is a document that speaks for itself. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 7 of the Complaint.

## COUNT I
### (Breaches of Lease – Defendant Fuddruckers)

8. Defendants incorporate by reference their responses to the preceding paragraphs 1-7 as if fully restated herein.

9. Responding to paragraph 9 of the Complaint, Defendant states that these allegations are legal conclusions, to which no response is required. To the extent any response is required, Defendant denies the allegations in paragraph 9 of the Complaint.

10. Denied.

11. Denied.

12. Responding to paragraph 12 of the Complaint, Defendant admits that the Lease is a document that speaks for itself. Defendant also states these allegations are legal conclusions, to which no response is required. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 12 of the Complaint.

Responding to Plaintiff's WHEREFORE clause in its Complaint, Defendant Perkins International Restaurant Holdings, LLC denies that Plaintiff should be awarded a judgment in its favor against Defendant Perkins International Restaurant Holdings, LLC, additional damages, including without limitation, rent, fees interest or costs.

## COUNT II
### (Breach of Guaranty – Defendant PIH)

13. Defendants incorporate by reference their responses to the preceding paragraphs 1-12 as if fully restated herein.

14. Responding to paragraph 14 of the Complaint, Defendant states these allegations are legal conclusions, to which no response is required. To the extent any response is required, Defendant denies the allegations in paragraph 14 of the Complaint.

15. Responding to paragraph 15 of the Complaint, Defendant states these allegations are legal conclusions, to which no response is required. To the extent any response is required, Defendant denies the allegations in paragraph 15 of the Complaint.

16. Denied.

17. Responding to paragraph 17 of the Complaint, Defendant states these allegations are legal conclusions, to which no response is required. To the extent any response is required, Defendant denies the allegations in paragraph 17 of the Complaint.

18. Responding to paragraph 18 of the Complaint, Defendant admits that the Guaranty is a document that speaks for itself. Defendant also states these allegations are legal conclusions, to which no response is required. Except as expressly admitted, Defendant denies the allegations in paragraph 18 of the Complaint.

Responding to Plaintiff's WHEREFORE clause in its Complaint, Defendant Perkins International Holdings, Inc. denies that Plaintiff should be awarded a judgment in its favor against

Defendant Perkins International Holdings, Inc., additional damages, including without limitation, rent, fees interest or costs.

## DEFENSES

Without assuming the burden of proof on any issue or element that otherwise rests with Plaintiff, and expressly denying any and all liability to Plaintiff, Defendants hereby assert the following defenses to Plaintiff's claims:

### FIRST DEFENSE

The Complaint fails to state claims upon which relief can be granted.

### SECOND DEFENSE

All or part of Plaintiff's claims are barred by the doctrine of laches.

### THIRD DEFENSE

All or part of Plaintiff's claims are barred by the doctrine of accord and satisfaction.

### FOURTH DEFENSE

Plaintiff's claims, in whole or in part, are barred by waiver.

### FIFTH DEFENSE

Plaintiff's claims, in whole or in part, are barred by the doctrine of estoppel and/or unclean hands.

### SIXTH DEFENSE

Plaintiff's claims, in whole or in part, are barred by ratification.

### SEVENTH DEFENSE

Plaintiff's claims, or any damages it may recover, are barred, or at least reduced by its failure to mitigate damages.

**EIGHTH DEFENSE**

Plaintiff's claims, in whole or in part, are barred by the doctrine of set off/ recoupment.

**NINTH DEFENSE**

Plaintiff's claims, in whole or in part, are barred by acquiescence.

**TENTH DEFENSE**

Plaintiff's damages, if any, were caused by its own actions or inaction.

**ELEVENTH DEFENSE**

Plaintiff's damages, if any, were caused by actions or inactions of a third party.

**TWELFTH DEFENSE**

Plaintiff's claims, in whole or in part, are barred because the amounts claimed are overstated or misstated, or inequitable and/or unreasonable.

**THIRTEENTH DEFENSE**

Plaintiff's claims, in whole or in part, are barred by the doctrine of frustration of purpose.

**FOURTEENTH DEFENSE**

Plaintiff's claims, in whole or in part, are barred by the doctrine of impossibility and/or impracticability of performance.

**FIFTEENTH DEFENSE**

Plaintiff's claims, in whole or in part, are barred because it failed to act in a commercially reasonable manner and in a manner consistent with the covenant of good faith and fair dealing.

**FIFTEENTH DEFENSE**

Plaintiff's claims, in whole or in part, are barred by the force majeure doctrine.

Defendants reserve all of their rights to amend their Answer to assert any additional defenses as Plaintiff's allegations and/or facts become more fully disclosed18 during the course of this matter and completion of discovery.

WHEREFORE, Defendants Perkins International Restaurant Holdings, LLC and Perkins International Holdings, Inc., pray that the Complaint be dismissed with prejudice and that Defendants be awarded its attorneys' fees, expenses, and costs, and for such other relief as this Court deems just and proper.

Dated: October 20, 2025.                    Respectfully submitted,

*/s/  Angela F. Ramson*

Angela F. Ramson
(Maryland Federal Bar No. 29614)
Fox Rothschild LLP
999 Peachtree Street NE, Suite 1500
Atlanta, GA 30309
Telephone: (404) 658-9726
Facsimile: (404)962-1200
ARramson@Foxrothschild.com

- and -

Alina Chernin
(Maryland Federal Bar No. 31273)
Fox Rothschild LLP
2020 K St. NW, Suite 500
Washington, DC 20006
Telephone: (202) 794-1259
Facsimile: (202) 461-3102
achernin@foxrothschild.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 20, 2025, a true and correct copy of the foregoing Defendants' Answer and Defenses was filed electronically with the Court's CM/ECF system, which will serve all counsel of record.

*/s/ Angela F. Ramson*
Angela F. Ramson
